637 A.2d 514

**DISTRICT OF COLUMBIA**

v.

**Iris MENSH and Judith H. Avrunin, Personal Representatives of the Estate of Julius H. Ginsburg.**

**No. 684, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Feb. 25, 1994.

Lutz Alexander Prager (John Payton and Charles L. Reischel, on the brief) Washington, DC, for appellant.

Linton W. Hengerer (Steven G. Friedman and Grossberg, Yochelson, Fox & Beyda, on the brief) Washington, DC, for appellees.

Argued before BISHOP, WENNER and FISCHER, JJ.

BISHOP, Judge.

Appellant, District of Columbia ("District"), filed claims against the Estate of Julius Ginsburg seeking payment of delinquent municipal water and sewer service charges, totalling approximately $260,000. Appellees, the personal representatives of Julius Ginsburg ("decedent") denied the claims, and the District filed a petition for allowance of claims in the Orphan's Court for Montgomery County. The court disallowed the claims and the District noted a timely appeal to this Court.

## Issue

The issue, succinctly stated by the District, is whether, under District of Columbia law, owners of multi-unit apartment buildings may be held personally liable for unpaid water and sewer service charges to their properties.

## Facts

The District filed claims against decedent's estate seeking payment for overdue water and sewer service charges assessed against seven properties located in the District and allegedly owned by decedent. Appellees denied the claims, arguing that (1) the properties were not assets of the estate and (2) under the statutory law of the District, delinquent water and sewer service charges are not personal debts of the record owner of the property. Following the petition hearing, the court recognized the factual dispute between the parties concerning the ownership of the properties in question, but limited the scope of its inquiry to two threshold issues:

(i) whether the District of Columbia's Claims with respect to 450—51st Street, S.E. and 3425 Croffut Place, S.E. are time barred pursuant to Section 8–103 of the Estates and Trusts Article of the Annotated Code of Maryland, and (ii) whether an owner of real property situated in the District of Columbia is personally liable for water and sewer charges assessed with respect to water and sewer services furnished to such property.

The court found, and the District conceded, that the claims referenced under the first threshold issue were time-barred. The court also noted in footnote two of its order that "[u]pon review of the record it appears ... that the Claim with respect to 5037–5045 Call Place, S.E., Washington, D.C. was also filed after expiration of the statutory filing period;" however, because of the court's disposition of the second threshold question, it did "not rule upon the timeliness of the claim with respect to 5037–5045 Call Place, S.E."

With respect to the second threshold issue, which is the subject of this appeal, the court found, pursuant to the District's statutory framework, that the claimed water and sewer service charges were not the personal liability of the decedent and may not be asserted against his Estate:

On the basis of the memoranda and arguments presented, the Court concludes that § 43–1526 authorizes the Mayor to provide for the collection of water rates from the owners of

the buildings, but does not by its terms impose personal liability. Moreover, the three methods specified in the statute for collection of unpaid water and sewer charges do not include personal liability of the property owner.

## Discussion

The District's statutory scheme governing collection of water and sewer service charges provides several methods by which the District may compel payment of delinquent water and sewer service bills from owners or occupants of "any building, establishment, or other place furnished water or water service by the District." D.C.Code Ann. § 43–1528 (1990). According to appellees, however, these methods for collecting overdue water and sewer service charges are limited to the three specific remedies set forth in §§ 43–1527, –1528, and –1529. These sections provide in pertinent part:

### § 43–1527. Additional charge on unpaid water bills.

(a) An additional charge of 10 per centum shall be added to any water charge remaining unpaid after the expiration of 30 days from the date of rendition of a bill for such charge.

\*     \*     \*     \*     \*     \*

### § 43–1528. Discontinuance of water service for failure to pay water charges.

(a) The Mayor of the District of Columbia is authorized to provide for the collection of water charges, in advance or otherwise, from the owner or occupant of any building, establishment, or other place furnished water or water service by the District, and to shut off the water supply to any such building, establishment, or other place upon failure of the owner or occupant thereof to pay such water charges within 30 days from the date of rendition of the bill therefor . . . .

### § 43–1529. Lien for water charges.

(a) Except as provided in subsections (c) and (d) of this section, if an owner of real property fails to pay District water and sanitary sewer service charges in full in accor-

dance with § 43–1527 or § 43–1528, on or after the 60th day, but not later than the 120th day, after the bill is rendered, the Mayor shall file a certificate of delinquency with the Recorder of Deeds. Upon filing, the certificate of delinquency shall constitute a continuing lien against the real property and show the amount of unpaid charges for District water and sanitary sewer services.

Sections 43–1604 and –1610 provide that the collection for sanitary charges are to be enforced "in the same manner and to the same extent as if §§ 43–1527, 43–1528, 43–1529, and 43–1530 were set forth in this subchapter." *Id.* § 43–1610(a).

Appellees argue that § 43–1529 mandates that, when an owner of real property fails to pay for water or sanitary sewer service, or both, the District's sole remedy against that owner is a continuing lien against the property; however, § 43–1530 clearly provides that "[t]he remedies set forth in §§ 43–1527, 43–1528, and 43–1529 are hereby declared to be cumulative and not exclusive." Significantly, the 1990 amendments to Title 43 did not alter the provision of § 43–1530.

In addition, the legislative history of the 1990 amendments to Title 43 indicates that the purpose of the amendments is "to address the long standing problems that are associated with the collection of delinquent water and sewer bills—in particular multi-unit apartment buildings in the District of Columbia, and to prevent the accumulation of such exorbitant accounts in the future." N.P. Winter, Chairperson, Committee on Public Works, *Report in Bill 8–269, the "District of Columbia Water and Sewer Operations Amendment Act"* at 1 (Feb. 14, 1990). Bill 8–269 specifically proposed "*to enhance* the Mayor's ability to collect delinquent water and sanitary sewer bills." *Id.* at 12 (emphasis added).

Appellees assert that nowhere in the statutory framework does the legislature indicate that charges for water or sewer services furnished to a multi-unit apartment building should become personal debts of the owner of that apartment building. We disagree. The statutory language indicates that the Mayor of the District "is authorized to provide for the collec-

tion of water rates, in advance or otherwise, from the *owner or occupant*" of any building or establishment in the District. D.C.Code Ann. § 43–1526 (1990) (emphasis added). Obviously, the legislature intended for the District to be able to hold owners of apartment buildings in the District personally liable for their water and sewer service debts. Similarly, the statutory language clearly provides that the three remedies cited by appellees are cumulative and not exclusive.

According to the legislative history of Bill 8–269, the sizable accumulation of delinquent water and sewer service charges within the District necessitated legislative action designed to deal effectively with District residents and owners of property located in the District who fail to pay for water and sewer services. Considering the purpose of the legislation enacted with respect to the collection of water and sewer service charges within the District, the appellees' interpretation of the statutory framework of Title 43, which suggests that §§ 43–1527, –1528, and –1529 are the only remedies available to the District in situations where the property owner fails to pay for water and sewer services, is unreasonable. To limit the District's ability to collect payment for delinquent water and sewer service charges would contravene the essential purpose of the 1990 amendments to Title 43: to augment the District's power to collect delinquent water and sanitary sewer service bills.

## Conclusion

We hold that Title 43 of the D.C.Code allows the District to hold owners of property located in the District personally liable for delinquent water and sewer service charges. During the hearing, however, appellees asserted that the decedent did not own the property in question, and therefore, the decedent's estate may not be held personally liable for the overdue water and sewer service bills. Because the orphan's court did not decide the issue of ownership, and because that issue, and perhaps others, must be resolved to assess liability for the delinquent charges, we remand the case to the orphan's court for further proceedings.

JUDGMENT REVERSED; CASE REMANDED TO THE ORPHAN'S COURT FOR MONTGOMERY COUNTY. APPELLEES TO PAY THE COSTS.